TONY M. MAY, ESQ.
Nevada Bar No. 8563
BRUCE N. WILLOUGHBY, ESQ.
Nevada Bar No. 8311
TONY M. MAY, P.C.
703 South 8th ST
Las Vegas, Nevada 89101
Telephone: (702) 388-0404
Facsimile: (702) 830-5699
Email: tmay@tmm-law.com
Email: bnw@tmm-law.com

Attorneys for Defendant
SECURITY PLUMBING &
AIR CONDITIONING

FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

DEC 18 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS LOCAL 525 HEALTH AND WELFARE TRUST AND PLAN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SECURITY PLUMBING AND AIR CONDITIONING, a Nevada Corporation,<br><br>Defendants. | Lead Case No.: 2:14-cv-01027-APG-PAL<br>Member Case: 2:15-cv-00824-APG-CWH<br>Member Case: 2:15-cv-01148-LDG-GWF |
| BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS LOCAL 525 HEALTH AND WELFARE TRUST AND PLAN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>MOUNTAINLION PLUMBING, INC., a Nevada corporation, et. al.<br><br>Defendants. | **STIPULATED PROTECTIVE ORDER** |

*Stipulated Protective Order*
- 1 -

TRUSTEES OF THE PLUMBERS AND
PIPEFITTERS NATIONAL PENSION
FUND AND INTERNATIONAL
TRAINING FUND,

        Plaintiffs,

vs.

SECURITY PLUMBING & AIR
CONDITIONING, a Nevada
Corporation., et al.

        Defendants.

## STIPULATED PROTECTIVE ORDER

The Parties have requested this Court, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"), Rule 26(c), to enter an Order Regarding Confidentiality Issues pertaining to Defendant's and/or their employees/agents financial information, which Defendant claims to be proprietary. As such, based on the Stipulation between the Parties, and for good cause shown, the Court enters this Protective Order Regarding Confidentiality Issues (the "Protective Order"). Accordingly:

IT IS HEREBY ORDERED AS FOLLOWS:

1. **Purpose and Applicability to All Adversary Proceedings and Contested Matters:** In order to meaningfully facilitate the exchange of Confidential Information (*as defined below*), any document, (*as more fully described below*), produced by the Parties related to this matter that pertains to Defendants' and/or their employees financial information shall be governed by the terms of this Protective Order.

2. **"Document" shall be defined as follows:** "Document" or "documents" shall mean the original and every non-identical copy (*whether different from the original because of handwritten notes or underlining or check marks on the copy or otherwise*) of every paper or other record, regardless of origin or location, whether sent or received or made or used internally, in whatever form, in your possession, custody or control or prepared by or for you, including, without limitation, electronic material, typed or handwritten materials, letters, reports, notes, notebooks, worksheets, summaries, tape recordings, transcripts,

contracts, agreements, exhibits to contracts or agreements, records, inter-office communications, emails, computer sheets, programs or printouts, promissory notes, security agreements, comment sheets, director's board minutes, or any digital image and shall include drafts or non-final versions of any of the foregoing.

3. **"Confidential Information" Defined**: Any document (*as defined above*), that includes information regarding any of the Defendants' or their employee/agents' financial information, whether obtained from Defendants as a result of an audit, or obtained through third parties pursuant to subpoenas issued in this matter.

4. **Challenges to Confidential Information:** A party may challenge the confidential designation of any document by motion filed with the Court and the burden of establishing confidentiality of any document shall be on the party claiming the privilege.

5. **Persons who May See and Use Confidential Information:** No party shall reveal or discuss the Confidential Information with any person except with the following: (a) attorneys (including in-house counsel, and, assistants) involved in the prosecution or defense of this matter, (b) Plaintiffs and their key personnel/agents who are assisting Plaintiffs' counsel in this matter, (c) Defendants and their key personnel/agents who are assisting Defendants' counsel in this matter and (d) any person who is expressly retained or sought to be retained as an independent expert or consultant by counsel for either Plaintiffs or Defendants to assist in the prosecution or defense of this matter, with disclosure only to the extent necessary to perform such work. To the extent either party wants to disclose any Confidential Information to those designated in subsections (b) through (d), shown above, said party must agree to the terms of this Stipulated Protective Order and sign the attached form included herein as **Exhibit A**.

6. **Use of Confidential Information in Pleadings:** To the extent that any Confidential Information cannot be reasonably redacted from a particular document which is intended to be used as an exhibit in a pleading or at trial, then any party wishing to reference or use such Confidential Information shall first contact the party that

produced the Confidential Information prior to the filing in order to work out reasonable precautions that can be taken to maintain the confidentiality of the Confidential Information. If the parties are unable to agree to reasonable precautions to protect the confidentiality of the Confidential Information, then the party shall file the Confidential Information and/or the pleading referencing information contained in the Confidential Information under seal.

7. **Use of Confidential Information in Depositions:** If any of the Confidential Information, or information contained therein, is used or referenced in a deposition, the party who produced the Confidential Information used or referenced may request that the portion of the Deposition transcript in which the Confidential Information is used or referenced be designated as "Confidential." Any portion of any deposition transcript so designated shall be treated as a "Confidential" document pursuant to this agreement. A party may have up to and including fourteen (14) days following its receipt of a final deposition transcript to designate any portions of the transcript as being "Confidential." Failure to make such designation by the fourteen (14) day deadline shall mean the party is deemed to have waived any assertion that such information it produced is confidential.

8. **Disclosure of Confidential Information Pursuant to Subpoena or Other Legal Process:** If any party is compelled by a subpoena or other legal process to disclose any Confidential Information covered by this Protective Order, such party shall immediately provide written notice of such legal process to the party that originally produced the information such that the original producing party may appear and contest disclosure.

9. **Destruction of Confidential Information:** Parties shall make reasonable and good faith efforts to ensure that all documents marked confidential or redacted are destroyed or returned to the party that originally produced the information within ninety (90) days of a final, non-appealable conclusion of the litigation in which it is used unless applicable law, regulation or other court order requires retention of such documents for a longer period of time.

10. **No Admission.** Nothing in this Protective Order nor the designation of any confidential information shall be construed as an admission by any party with regard to any issue of fact or law, except as such admission may relate to the parties' obligations under this Protective Order, and neither this Protective Order nor any designation pursuant to it shall be admissible in any adversary proceeding or contested matter except to enforce the terms of this Protective Order.

11. **Violation:** Any party found in violation of this Protective Order may be liable for all damages caused by or resulting from such violation, including injunctive relief.

12. **Amendment:** Any paragraph, provision or procedure set forth in this Protective Order may be amended or modified by the Court upon motion by any party and appropriate notice to parties.

IT IS SO ORDERED, this 29th day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

*Respectfully submitted by:*

TONY M. MAY, P.C.

/s/ *Tony May*
Tony M. May, Esq.
Nevada Bar No. 8563
Bruce N. Willoughby
Nevada Bar No. 8311
703 S 8th ST
Las Vegas, Nevada 89101

Telephone: (702) 388-0404
Facsimile: (702) 830-5699

*Attorneys for Defendants*

*Approved by:*

BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ *Christopher M. Humes*
Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
Christopher M. Humes, Esq.
Nevada Bar No. 12782
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

Telephone: (702) 382-2101
Facsimile: (702) 382-8135

*Attorneys for Plaintiffs BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS LOCAL 525 HEALTH AND WELFARE TRUST AND PLAN*

1  Approved by:

2  **CHRISTENSEN JAMES & MARTIN**

3  /s/  *Laura J. Wolff*
   Kevin B. Christensen, Esq.
4  Nevada Bar No. 175
   Laura J. Wolff, Esq.
5  Nevada Bar No. 6869
   7440 W. Sahara Avenue
6  Las Vegas, Nevada 89117

7  Telephone: (702) 255-1718
   Facsimile: (702) 255-0871
8
   *Attorneys for Plaintiffs TRUSTEES OF*
9  *THE PLUMBERS AND PIPEFITTERS*
   *NATIONAL PENSION FUND AND*
10 *INTERNATIONAL TRAINING FUND*

11

12 ///

13

14

15

16 ///

17

18

19

20 ///

21

22

23

24 ///

25

26

27

28 ///
   U:\15-8248\Pleadings (Federal)\(2015-12-15) Stipulated Protective Order.Docx

*Stipulated Protective Order*
- 6 -

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS LOCAL 525 HEALTH AND WELFARE TRUST AND PLAN, et al. <br><br> Plaintiffs, <br><br> vs. <br><br> SECURITY PLUMBING AND AIR CONDITIONING, a Nevada Corporation, <br><br> Defendants. | Lead Case No.: 2:14-cv-01027-APG-PAL <br><br> Member Case: 2:15-cv-00824-APG-CWH <br><br> Member Case: 2:15-cv-01148-LDG-GWF |
| BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS LOCAL 525 HEALTH AND WELFARE TRUST AND PLAN, et al. <br><br> Plaintiffs, <br><br> vs. <br><br> MOUNTAINLION PLUMBING, INC., a Nevada corporation, et. al. <br><br> Defendants. | **AGREEMENT CONCERNING STIPULATED PROTECTIVE ORDER** |
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND AND INTERNATIONAL TRAINING FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> SECURITY PLUMBING & AIR CONDITIONING, a Nevada Corporation., et al. <br><br> Defendants. | |

I, the undersigned, hereby acknowledge that I have read the attached Stipulated Protective Order entered in the Federal District Court, District of Nevada, in Case Nos. 2:14-cv-01027-APG-PAL, 2:15-cv-00824-APG-CWH and 2:15-cv-01148-LDG-GWF and

understand the terms thereof and agree to be bound by all such terms. Without limiting the generality of the foregoing, I agree not to disclose to any person or entity not authorized to receive such "Confidential Information," pursuant to the terms of said Stipulated Protective Order, any document or any information designated as "Confidential Information" or any copies of extracts or information derived therefrom, which have been disclosed to me. I further agree to use any information disclosed to me in connection with the above-mentioned case solely for the purpose of this case and for no other purposes.

The undersigned hereby irrevocably submits his/her person to the jurisdiction of the Federal District Court, District of Nevada, for the purpose of enforcing said Stipulated Protective Order.

DATED, this _____ day of _____, 201___.

_____
Signature

_____
Type or Print Name