1

2

3                    UNITED STATES DISTRICT COURT

4                         DISTRICT OF NEVADA

5                                 * * *

6    BOARD OF TRUSTEES OF THE                  Lead Case No. 2:14-cv-01027-APG-PAL[1]
     PLUMBERS AND PIPEFITTERS UNION
7    LOCAL 525 HEALTH AND WELFARE
     TRUST AND PLAN, et al.,
8                                                      **ORDER**
                              Plaintiffs,              **- AND -**
9                                             **REPORT OF FINDINGS AND**
          v.                                    **RECOMMENDATION**
10   SECURITY PLUMBING & AIR
     CONDITIONING, et al.,                    (Mot. Strike Answer – ECF No. 62)
11
                              Defendant.
12
13              AND ALL RELATED ACTIONS

14

15         This matter is before the court on Defendants' repeated failures to comply with court

16   orders, and the Motion to Strike Answer (ECF No. 62) by Plaintiffs Trustees of the Plumbers and

     Pipefitters National Pension Fund and International Training Funds (the "National Funds").
17
     Default judgment is sought against Defendants Security Plumbing and Air Conditioning and
18
     Mountain Lion Plumbing, Inc. (jointly, "Corporate Defendants").  The court has reviewed the
19
     Motion and the Limited Joinder (ECF No. 65) by Plaintiffs Boards of Trustees of the Plumbers
20
     and Pipefitters Union Local 525 Health and Welfare Trust and Plan, the Plumbers and Pipefitters
21
     Union Local 525 Pension Plan, and the Plumbers and Pipefitters Local Union 525 Apprentice and
22
     Journeyman Training Trust for Southern Nevada (the "Local Funds").
23
                                      **BACKGROUND**
24
           On June 17, 2015, the National Funds filed a Complaint (ECF No. 1) to, compel Defendant
25
     Security Plumbing and Air Conditioning ("Security Plumbing"), a signatory to a collective
26
     bargaining agreement, to make benefits contributions and make their books and records available
27
28   [1]  Member Case Nos. 2:15-cv-00824-APG-PAL; 2:15-cv-01148-APG-PAL

                                            1

1  for contract compliance review or audit.  *See* Case No. 2:15-cv-01148-APG-PAL.  Defendant
2  Mountain Lion Plumbing, Inc. is allegedly liable as an alter-ego of Security Plumbing.  Defendants
3  Francisco Gonzalez-Farias and Gabriella Navarro (the "Individual Defendants") are officers of the
4  Corporate Defendants.

5      The National Funds served Defendants with written discovery requests through their
6  attorney on January 26, 2016.  Responses were due 30 days later.  However, on February 8, 2016,
7  attorney Tony May sought leave to withdraw as Defendants' counsel.  Mr. May represented that
8  there had been a complete breakdown in the attorney client relationship and the clients had not
9  answered emails, returned phone calls, or responded in any way to the firm's attempts to contact
10  them, which included a home visit.  Their failure to communicate made it impossible for counsel
11  to finalize responses to outstanding discovery, set dates for depositions, or comply with upcoming
12  scheduling deadlines.  The court granted Mr. May's Motion to Withdraw (ECF No. 55) as counsel.
13  *See* Feb. 26, 2016 Order (ECF No. 57).  The Corporate Defendants were given until March 28,
14  2016, to retain substitute counsel since corporations may not appear in federal court except through
15  counsel.  However, substitute counsel never appeared in this case.

16      After counsel withdrew, the National Funds attempted to communicate with the Individual
17  Defendants through letters and phone messages to resolve the outstanding discovery dispute
18  without court intervention, to no avail.  Deposition notices were also served on the Individual
19  Defendants and both failed to appear on the date and time noticed.  None of the correspondence
20  sent to the last known addresses was returned.

21      On June 6, 2016, the National Funds filed the Motion to Strike Answer (ECF No. 62) based
22  on the Corporate Defendants failure to retain substitute counsel and resulting freeze of the
23  litigation.  Because the Individual Defendants failed to respond to discovery requests, and all
24  efforts to communicate with them had been unsuccessful, the National Funds also filed a Motion
25  to Compel (ECF No. 63) on June 16, 2016.  The National Funds sought an order compelling the
26  Individual Defendants to answer interrogatories and respond to requests for production of
27  documents and requests for admissions, and imposing sanctions.  The Local Funds filed Limited
28  Joinders (ECF Nos. 65, 69) to both motions.

On July 21, 2016, the court conducted a hearing on the Motion to Compel (ECF No. 63). *See* Mins. of Proceedings (ECF No. 74). The Individual Defendants did not oppose the Motion to Compel and they did not appear at the hearing. The court granted the Motion to Compel and gave the Individual Defendants until August 11, 2016, to provide full and complete responses to interrogatories and requests for production of documents. *See* July 22, 2016 Order (ECF No. 75). The Order warned the Individual Defendants that their failure to timely comply and provide full and complete answers to interrogatories and responses to requests for production may result in sanctions up to and including a recommendation to the district judge of case ending sanctions such as default judgment. *Id*.

On August 12, 2016, the National Funds filed a Notice (ECF No. 77) informing the court that the Individual Defendants had failed to comply with its Order (ECF No. 75). They did not provide any response to the discovery requests before the August 11, 2016 deadline. The National Funds therefore requested sanctions in the form of reasonable attorney's fees in the amount of $2,590 incurred in filing the Motion to Compel. The motion also sought entry of default against the Individual Defendants.

On August 23, 2016, the undersigned entered an Order to Show Cause (ECF No. 79) requiring the Individual Defendants to show cause in writing why sanctions should not be imposed for their failure to comply with the court's Order (ECF No. 75). The Order set a hearing for September 15, 2016, at 9:30 a.m. The Individual Defendants were warned that failure to timely comply with the Order to Show Cause might result in sanctions awarding attorney's fees and costs to the moving parties in addition to a recommendation to the district judge of case ending sanctions such as striking either or both Individual Defendants' answers, and entering default against them.

The Individual Defendants did not respond in writing to the Order to Show Cause or request an extension to respond. *See* Mins. of Proceedings (ECF No. 83). Additionally, the Individual Defendants failed to appear at the September 15, 2016 hearing. *Id*. The Clerk of Court served the Order to Show Cause on the Individual Defendants by mail at their last known address and the order was not returned.

**DISCUSSION**

**I.   LEGAL STANDARD**

A corporation, partnership, or association may not appear in court except through licensed counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). The court may appropriately enter a default judgment against a defendant entity when it has failed to retain counsel to represent it as directed by the court. *United States v. High County Broad Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see also Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (default judgment appropriate sanction where corporation failed to comply with local rules requiring representation by counsel).

Rule 37 of the Federal Rules of Civil Procedure authorizes a wide range of sanctions for a party's failure to comply with a district court's discovery order. The court has the authority under 37(b) to impose litigation-ending sanctions. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii) (stating that the court may issue an order "striking the pleadings in whole or in part"); *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011). "Where the sanction results in default, the sanctioned party's violations must be due to the willfulness, bad faith, or fault of the party." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)). Before striking a pleading or declaring default, a district court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester*, 687 F.3d at 1169 (citing *Dreith*, 648 F.3d at 788).

**II.   ANALYSIS**

The court finds that the Corporate Defendants have failed to retain substitute counsel in this case in violation of the court's February 26, 2016 Order (ECF No. 57). The court gave the Corporate Defendants until March 28, 2016, to retain substitute counsel, but to date none substitute has appeared in this case. Accordingly, the court recommends that the Corporate Defendants' Answer be stricken and a default entered against them.

Additionally, the court finds that a case-dispositive sanction is appropriate against the Individual Defendants based on their failure to comply with the court's July 22, 2016 Order (ECF No. 75) granting the Motion to Compel (ECF No. 63), and Order to Show Cause (EFF No 79). The Individual Defendants did not oppose the Motion to Compel, and did not appear at the July 21, 2016 hearing. *See* Mins. of Proceedings (ECF No. 74). The Order (ECF No. 75) gave the Individual Defendants until August 11, 2016, to provide full and complete responses to interrogatories and requests for production of documents and warned the Individual Defendants that their failure to timely comply and provide full and complete responses may result in sanctions up to and including a recommendation to the district judge of case-ending sanctions. The court also gave these Defendants an additional opportunity to show cause why sanctions should not be imposed. These Defendants did not respond to the order to show cause, request an extension to respond or appear at the hearing as ordered.

The Individual Defendants have repeatedly failed to cooperate and communicate with their counsel, the court, and opposing counsel. They have failed to comply with their discovery obligations, failed to respond to motions, failed to comply with multiple court orders, and failed to appear for hearings. These failures constitute abusive litigation tactics which have interfered with the court's management of it docket, delayed resolution of this case on the merits, and have threatened the integrity of the court's orders. Defendants were warned on multiple occasions that their failure to timely comply with their discovery obligations and court orders may result in sanctions including attorney's fees and costs being awarded to opposing counsel, and sanctions up to and including case ending sanctions such as default judgement being entered against them. Thus, of the five factors the court is required to consider before imposing case dispositive sanctions, only the public policy favoring disposition on the merits favors. Discovery has been halted, failure to comply with the court's orders has rendered the court's case scheduling order meaningless and delayed resolution of the case on its merits. Plaintiffs have been and continue to be prejudiced by the inability to obtain basic discovery needed. Given the complete lack of response to multiple court orders less drastic sanctions would be ineffective.

Having reviewed and considered the matter, and for good cause shown,

**IT IS ORDERED:** Attorney's fees and costs in the amount of $2,590 are awarded to Plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund and International Training Funds against Defendants Francisco Gonzalez-Farias and Gabriella Navarro as reasonable attorney's fees and costs incurred in filing the Motion to Compel (ECF No. 63).

**IT IS RECOMMENDED**:

1.  Plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund and International Training Funds' Motion to Strike Answer (ECF No. 62), and the Limited Joinder thereto (ECF No. 65) be **GRANTED.**

2.  Defendants Security Plumbing and Air Conditioning; Mountain Lion Plumbing, Inc.; Francisco Gonzalez-Farias; and Gabriella Navarro's Answers be **STRICKEN** from the record.

DATED this 24th day of October, 2016

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned District Judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without

further review.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. Pro. 72.