1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

BOARD OF TRUSTEES OF THE
PLUMBERS AND PIPEFITTERS
UNION LOCAL 525 HEALTH AND
WELFARE TRUST AND PLAN, et al.,

Plaintiffs,

v.

SECURITY PLUMBING & AIR
CONDITIONING, *et al.*,

Defendants.

Case No. 2:14-cv-01027-APG-PAL

**ORDER GRANTING MOTIONS FOR
DEFAULT JUDGMENT AND
DENYING AS MOOT MOTION FOR
SUMMARY JUDGMENT**

(ECF Nos. 71, 88, 89)

I previously accepted Magistrate Judge Leen's recommendation that I strike the answers filed by defendants Security Plumbing and Air Conditioning; Mountain Lion Plumbing, Inc.; Francisco Gonzalez-Farias; and Gabriella Navarro (the "defaulting defendants"). ECF No. 86. Plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund and International Training Fund (the "National Funds") now move for default judgment. ECF No. 88.  Plaintiffs Board of Trustees of the Plumbers and Pipefitters Union Local 525 Health and Welfare Trust and Plan; the Plumbers and Pipefitters Union Local 525 Pension Plan; and the Plumbers and Pipefitters Local Union 525 Apprentice and Journeyman Training Trust for Southern Nevada (the "Trust Funds") move for reconsideration of my order striking the defendants' answers, arguing that I previously should have entered default judgment in addition to striking the answers.

Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  After the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted).  Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (CD. Cal. 2004) (citation omitted).  The "general rule [is] that default judgments are ordinarily disfavored.  Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Peno v. Seguros La Comercial, S.A.*, 770 F.2d 811,814 (9th Cir. 1985)).  Whether to grant a default judgment lies within the district court's discretion. *Id.*

I consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiffs' substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471-72.

The plaintiffs have satisfied the procedural requirements for default judgment.  Because the defaulting defendants initially participated in this case but I later struck their answers, this first step has been satisfied even though the clerk of court has not entered default.  As detailed in Judge Leen's report and recommendation (ECF No. 84), the defaulting defendants have had ample notice and opportunity to participate in this litigation and to comply with court orders.  Thus, there is no procedural impediment to entering a default judgment.

Turning to the *Eitel* factors, the first factor considers whether the plaintiffs will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (CD. Cal. 2002); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 214-CV-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016).  In this case, the plaintiffs will suffer prejudice if default judgment is not entered because the plaintiffs have attempted to litigate this matter but have been frustrated by the defaulting defendants' refusal to participate in

discovery or to comply with court orders. *See* ECF No. 84.  Absent a default judgment, there is no other avenue for the plaintiffs to pursue their claims on the merits.  Thus, this factor weighs in favor of an entry of default judgment.

The second and third *Eitel* factors favor a default judgment when the "plaintiff state[s] a claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); *see also* Fed. R. Civ. P. 8.  The plaintiffs' amended complaints are well pleaded. *See* 2:15-cv-00824-APG-PAL, ECF No. 6; 2:15-cv-01148-APG-PAL, ECF No. 7.[1]  Thus, the second and third *Eitel* factors weigh in favor of an entry of default judgment.

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Earth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)); *PepsiCo., Inc.*, 238 F. Supp. 2d at 1176.  The National Funds seek a judgment in the amount of $85,076, representing approximately $25,000 in unpaid contributions, approximately $12,000 in interest, liquidated damages, and audit fees, and approximately $45,000 in attorney's fees.  The Trust Funds request default judgment in the amount of $1,927,376.00, representing unpaid contributions of over $1 million, almost $400,000 in interest, liquidated damages in a similar amount, audit fees of approximately $24,000, and approximately $97,000 in attorney's fees.  These amounts are reasonable, are related to the defendants' failure to remit required contributions as found by the audits, and the plaintiffs have supported their requested damages with evidence in addition to the fact that the allegations in the amended complaint are deemed admitted upon default. ECF Nos. 65 and attached exhibits; 88 and attached exhibits.  Therefore, the fourth *Eitel* factor weighs in favor of default judgment.

The fifth *Eitel* factor weighs the possibility of a dispute regarding any material facts in the case. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177.  "Upon entry of default, all well-pleaded facts in

---

[1] These actions were consolidated into the present case. ECF No. 38.

the complaint are taken as true, except those relating to damages." *Id.* (citation omitted).  There is no possibility of disputed facts because the defaulting defendants failed to respond to the requests for admissions and thus the admissions were deemed admitted as a matter of law. ECF No. 74. Additionally, the defaulting defendants could have responded to the plaintiffs' summary judgment motion (ECF No. 71) but did not.  Thus, the fifth *Eitel* factor weighs in favor of an entry of default judgment.

The sixth *Eitel* factor considers whether the defendant's default is due to excusable neglect. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177.  As detailed in Judge Leen's report and recommendation, the defaulting defendants have had ample opportunity to participate in this litigation and chose not to do so.  There is no indication that their decision to not respond to discovery requests and to not comply with the court's multiple orders is the result of excusable neglect.  Thus, the sixth *Eitel* factor weighs in favor of an entry of default judgment.

Finally, the seventh *Eitel* factor takes into account the policy favoring a decision on the merits.  "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472.  However, the defaulting defendants' refusal to participate in discovery and their unwillingness to comply with court orders "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering a default judgment here.  Under these circumstances, default judgment in favor the plaintiffs and against the defaulting defendants is warranted.

IT IS THEREFORE ORDERED that plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund and International Training Fund's motion for default judgment **(ECF No. 88) is GRANTED**.  The clerk of court shall enter judgment in favor of plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund and International Training Fund and against defendants Security Plumbing and Air Conditioning; Mountain Lion Plumbing, Inc.; Francisco Gonzalez-Farias; and Gabriella Navarro, jointly and severally, in the amount of $85,076.00, representing unpaid contributions, liquidated damages, interest, audit fees, and attorneys' fees and

1   costs.  Interest on unpaid contributions shall accrue at the rate set forth in the Trust Agreements, if

2   any, pursuant to 29 U.S.C. § 1132(g).

3           IT IS FURTHER ORDERED that plaintiffs Board of Trustees of the Plumbers and

4   Pipefitters Union Local 525 Health and Welfare Trust and Plan; the Plumbers and Pipefitters

5   Union Local 525 Pension Plan; and the Plumbers and Pipefitters Local Union 525 Apprentice and

6   Journeyman Training Trust for Southern Nevada's motion for reconsideration **(ECF No. 89) is**

7   **GRANTED**.  The clerk of court shall enter judgment in favor of plaintiffs Board of Trustees of

8   the Plumbers and Pipefitters Union Local 525 Health and Welfare Trust and Plan; the Plumbers

9   and Pipefitters Union Local 525 Pension Plan; and the Plumbers and Pipefitters Local Union 525

10  Apprentice and Journeyman Training Trust for Southern Nevada and against defendants Security

11  Plumbing and Air Conditioning; Mountain Lion Plumbing, Inc.; Francisco Gonzalez-Farias; and

12  Gabriella Navarro, jointly and severally, in the amount of $1,927,376.00, representing unpaid

13  contributions, liquidated damages, interest, audit fees, and attorneys' fees and costs.  Interest on

14  unpaid contributions shall accrue at the rate set forth in the Trust Agreements, if any, pursuant to

15  29 U.S.C. § 1132(g).

16          IT IS FURTHER ORDERED that plaintiffs Board of Trustees of the Plumbers and

17  Pipefitters Union Local 525 Health and Welfare Trust and Plan; the Plumbers and Pipefitters

18  Union Local 525 Pension Plan; and the Plumbers and Pipefitters Local Union 525 Apprentice and

19  Journeyman Training Trust for Southern Nevada's motion for summary judgment **(ECF No. 71)**

20  **is DENIED as moot**.

21          DATED this 8th day of March, 2017.

22

23                                          _____
                                            ANDREW P. GORDON
24                                          UNITED STATES DISTRICT JUDGE

25

26

27

28